IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

Jon Q. Wright d/b/a JQ Licensing LLC

                Plaintiff,

vs.

Forest River, Inc., Peter J. Liegl, ABC
Corporations 1-10, and John Does 1-10,

                Defendants.

Civil File No.

**(Jury Trial Requested)**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, LANHAM ACT, AND DECEPTIVE TRADE PRACTICES

Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC, hereby brings this action to recover damages, expenses, and attorney fees arising from the willful infringement by defendants Forest River, Inc., Peter J. Liegl, ABC Corporations 1-10, and John Does 1-10 (collectively "Defendants"), of Plaintiff's registered copyright on a valuable illustration and to obtain injunctive relief, declaratory judgment, and damages against Defendants to cease and desist from their infringement and to prevent any further unlawful copying and infringement of Plaintiff's copyright.  Inasmuch as Defendants' infringement has damaged plaintiff's business, threatens to damage it further, and Defendants' business practices are unfair and deceptive to the Plaintiff, Plaintiff seeks injunctive relief, declaratory relief, and damages for the full amount of Plaintiff's loss, plus statutory damages, attorneys' fees, and costs.  Plaintiff alleges on personal knowledge as to all facts known to it, and on information and belief as to all other facts after a reasonable inquiry under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

1.      This is an action arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended), the Lanham Act, 15 U.S.C. § 1125(a), and the Minnesota Statutes.

1

2.     Defendants unlawfully reproduced and displayed Plaintiff's Walleye Green Lure illustration within Defendants logo which was displayed upon a line of recreational vehicles commonly known as "True North Ice Lodge" sold to consumers as well as displayed upon its website and retailers websites without obtaining any authorization or permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. §501.

3.     Defendants used the Plaintiff's registered copyright in connection with goods sold in commerce and such use was false or misleading in that Defendants suggested Plaintiff was associated with or endorsed Defendants products, which created confusion or mistake and is in violation of Section 43(a) of the Lanham Act.

4.     Defendants conduct of selling products with infringing artwork for Defendants direct financial gain is unfair and deceptive, and an unfair method of competition so to pass off goods as those of their own to create likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods in violation of Minnesota's Uniform Deceptive Trade Practices Act, MINN. STAT. 325d.44 (2008).

<u>PARTIES</u>

5.     Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC (hereinafter "JQ") is a resident of Minnesota, and at all times material to this Complaint, operated from within the State of Minnesota.

6.     JQ Licensing, LLC is a limited liability company that is an art licensing company who supplies commercial art design services, namely supplying licensed digital art, flat artwork and paintings; and designing commercial art products with reproductions of the licensed digital art, flat artwork and paintings.

7.    Jon Q. Wright, the individual d/b/a JQ Licensing, LLC is the author of several fish designs, specifically the Walleye Green Lure illustration that is at issue here and which Plaintiff has registered with the Copyright Office of the United States under registration number VAu1-021-822 issued July 10, 2009 (hereafter "Work").  Jon Q. Wright is the sole owner of the copyrighted Work and for all claims for infringement appurtenant thereto as he holds the exclusive, unlimited rights to use the federally registered copyright for the Work.  A copy of the Copyright Registration and Work is attached hereto as Exhibit A.

8.    Defendant, Forest River, Inc. ("Forest River") upon information and belief is a corporation organized under the laws of the State of Indiana with its principal place of business at 55470 CR 1, P.O. Box 3030, Elkhart, Indiana.  Defendant Forest River manufactures leisure time products including pop-up tent campers, travel trailers, fifth wheels and park models under a portfolio of brands that include several lines including the True North travel trailer.  The subject of this lawsuit, the Truth North travel trailer, is manufactured in Indiana and advertised upon Defendant Forest River's website to be shipped to and sold throughout Minnesota at several dealer locations, including but not limited to:

| | |
|---|---|
| Monticello RV<br>1101 Elm Street<br>Monticello, MN 55362 | Lake County RV, Inc.<br>7717 Lake May Road<br>Walker, MN  56484 |
| Hilmerson RV<br>14884 113th Street<br>Little Falls, MN 56345 | Universal Marine & RV Inc.<br>2850 Highway 14 West<br>Rochester, MN 55901 |
| D & K RV<br>1906 180th Avenue<br>Canby, MN 56220 | |

9.      Defendant Peter J. Liegl resides in Indiana and upon information and belief is the

         President and a Shareholder of Forest River.  Defendant Peter J. Liegl had the right and

         ability to direct or control the wrongful conduct alleged in this Complaint and derived

         financial benefit from that wrongful conduct.  Additionally, Defendant Peter J. Liegl

         directs and/or controls the shipment of infringing goods into the State of Minnesota that

         are sold at but not limited to the above disclosed retail locations.

10.     Defendants ABC Corporations 1-10 and John Does 1-10 are individuals and entities that

         have controlled or contributed to the wrongful conduct alleged in this Complaint and

         derived financial benefit from that wrongful conduct.

JURISDICTION

11.     This Court has subject matter jurisdiction over Plaintiff's claims for unauthorized use and

         copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.)

         and pursuant to 28 U.S.C. §§ 1331 and 1338, the Lanham Act, 15 U.S.C. § 1125(a), and

         the MINN. STAT. 543.19 (2008).

VENUE

12.     Venue is based upon 28 U.S.C. § 1391(b)(2) as a district in which a substantial part of the

         events or omissions giving rise to the claim occurred, and in which a substantial part of

         the property that is the subject of the action is situated.  28 U.S.C. § 1400(a) is the district

         in which the parties may be found in an action under the copyright laws.

13.     Defendants are subject to personal jurisdiction in Minnesota pursuant to MINN. STAT.

         543.19 (1) since the claims set forth below arise from the nonresident Defendants

         activity, either personally or through an agent, transacts business within the state or

         commits any act in Minnesota causing injury or property damage, or commits any act

         outside Minnesota causing injury or property damage in Minnesota.

## FACTS COMMON TO ALL CLAIMS

14.    Plaintiff owns a valid copyright to the Walleye Green Lure illustration in compliance with 17 U.S.C. §411 prior to the institution of this action. *See* Exhibit A.

15.    Sometime in 2010, after Plaintiff registered the Work, Defendants designed and manufactured a logo that was unlawfully reproduced and displayed Plaintiff's Work on True North ice lodges, which was also advertised on Defendant Forest River's website as well as websites of retailers.  Plaintiff's Work is prominently displayed within the logo that was designed and printed by Defendants.  Defendant Peter J. Liegl directed and controlled the production and creation of the logo that includes Plaintiffs Work.  A copy of the Defendants Use is attached hereto as Exhibit B.

16.    The logo used by Defendants in association with the True North ice lodge and upon its websites can best be described as the phrase/name "TRUE NORTH" in large black font that is placed over a compass that has a black and brown half oval that surrounds the compass and phrase/name.  Plaintiff's Work is prominently positioned to the lower left of the "True North" phrase and over the compass.  Directly above the logo appears another phrase "Wildwood" which is the brand associated with the True North ice lodges.  *See* Exhibit B.

17.    In 2013 and continuing to date, Defendants unlawfully reproduced and displayed the True North logo on Defendant's website, www.forestriverinc.com.  *See* Exhibit B.

18.    Plaintiff's Work is a copyrighted illustration belonging to Jon Q. Wright d/b/a JQ Licensing, LLC that Defendants had direct access to and copied.

19.    Defendants have distributed to customers advertising materials, and sold products, as well as displayed the logo that contains the Work that Defendants unlawfully copied from Plaintiff.

20.     Defendants did not obtain authorization or permission from Plaintiff, to use, copy, display, and distribute the Work in connection with the logo that is being used upon the True North ice lodges to attract customers.

21.     In March 2014, Plaintiff sent a formal demand for more information and advised Defendants to cease and desist use of the Work, delivered by certified and regular mail, as well as email.  This communication addressed the unauthorized use and copyright infringement of the federally registered illustration owned by Plaintiff.  Such notice demanded that these Defendants cease and desist from all unauthorized use of the copyrighted Work and pay the licensing fees incurred by such use, as well as attorney fees, incurred by Plaintiff protecting his copyright.

22.     In response to such demand, Defendants have refused to produce documentation pertaining the profits made from sales of the Wildwood True North ice lodge.

23.     Despite receiving Plaintiff's formal notice to cease and desist from their infringement of Plaintiff's registered Work, the Defendants continue their infringing use of Plaintiff's copyrighted Work by continuing to produce, display and distribute material containing the logo.

24.     Defendants have refused to pay the damages sustained by Plaintiff resulting from Defendants unlawful use and willful copyright infringement, including Plaintiff's attorney fees.

### COUNT I

**(COPYRIGHT INFRINGEMENT – 17 U.S.C. §501, ET. SEQ.)**

25.     Paragraphs 1 through 24 above are incorporated herein.

26.     Plaintiff is the sole owner of the Work and holds a valid copyright registration in accordance with the United State Copyright Act. *See* Exhibit A.

27.   Defendants have infringed the Work by copying protected elements of the Work from Plaintiff and displaying it on Wildwood True North ice lodge and advertisements as well as websites. *See* Exhibit B.

28.   Defendants began displaying the copyrighted Work that was copied from Plaintiff as early as 2013, and after Plaintiff registered the Work.

29.   The logo that contains a walleye and is displayed on the True North ice lodge as well as advertisements and websites is strikingly similar and substantially similar to the Plaintiff's Work and was copied from Plaintiff's Work.

30.   Defendants had access to the Work via the internet as the Work was uploaded and published to the internet by Jon Q. Wright and is widely disseminated.

31.   Defendant Peter J. Liegl, President of Forest River, provided an employee with the means to produce the infringing work, and encouraged such production of the infringing work through their personal connection to and control over the True North ice lodge.

32.   Defendant Peter J. Liegl, President of Forest River, directed that True North ice lodges be manufactured and directed the shipment of the infringing work to dealers who then sold the infringing work.

33.   Defendant Peter J. Liegl, President of Forest River, profited from the sales of the infringing work that were sold at numerous dealers.

34.   Plaintiff has not authorized the copying of Plaintiff's Work or the distribution of any unauthorized copies of Plaintiff's Work by Defendants in any format or otherwise.

35.   The Defendants creation, publication, display and use of the logo upon Defendants True North ice lodge, advertising and website, has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the copyrighted Work.

36.     The Defendants knew or should have known that Plaintiff's permission was required to make and distribute copies of Plaintiff's Work, and the various modes of advertising comprises Plaintiff's Work.

37.     The Defendants intentionally, wantonly, and/or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's Work, when creating or causing the creation of, and/or distributing Defendants logo.

38.     Plaintiff, through counsel, has requested of Defendants to cease infringing activities described above and to account for sales, but Defendants expressly refused to provide an accounting and have expressly refused to cease production and display of Defendant's logo.

39.     Defendants continued use of the logo upon the infringing work after notice to cease and desist shows willfulness of their copyright infringement.

40.     As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  17 U.S.C. §501.

41.     Defendants have profited from the infringing activities described above.

42.     Defendants' infringement of Plaintiff's copyrighted Work has directly and proximately caused Plaintiff monetary damages including lost sales, in an amount thus far not determined, and subject to proof at trial.

43.     Plaintiff has lost profits as a result of Defendants infringement, in an amount thus far not determined and subject to proof at trial.

44.     Defendants have realized profits from the sale and use of the logo by Defendants in an amount unknown and subject to proof at trial.

45.     Plaintiff is entitled to recover actual damages for its licensing fees and royalties for the Work under 17 U.S.C. §504(b).

46.    In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for

Defendants' unauthorized use and copyright infringement of Plaintiff's registered Work.

47.    Defendants' infringement has been willful within the meaning of the Copyright Act and

damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

48.    Plaintiff is also entitled to recover its costs and attorney fees incurred in suit under 17

U.S.C. §505.

**COUNT II**

**(LANHAM ACT SECTION 43(a))**

49.    Paragraphs 1 through 48 above are incorporated herein.

50.    The Work is representative of those painted by artist Jon Q. Wright.

51.    The Work, and the style in which the Work was painted, is recognizable and closely

associated with Jon Q. Wright d/b/a JQ Licensing, LLC.

52.    Defendants used the Work in connection with goods sold in commerce.

53.    Defendants used the Work as a device, or as a designation of origin, or as a description or

representation in connection with goods and containers for goods in commerce.

54.    Defendants use of the Work in this manner was false or misleading in that Defendants

use suggested Jon Q. Wright d/b/a JQ Licensing, LLC was associated with or endorsed

Forest River's products.

55.    Jon Q. Wright nor JQ Licensing, LLC have ever been associated with Forest River

products or endorsed Forest River products.

56.    Defendants use of the Work on its products is likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Jon Q. Wright

and JQ Licensing, LLC with Forest River.

57.   Defendants use of the Work on its products is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Forest River's products by Jon Q. Wright and JQ Licensing, LLC.

58.   Jon Q. Wright possesses the exclusive rights to reproduce, distribute, make derivatives of, and publicly display the Work, and to sue for infringements thereof, and has been damaged by Defendants actions described herein.

59.   Defendants actions violate Jon Q. Wright's rights under 15 U.S. C. § 1125(a).

## COUNT II

## (MINNESOTA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT

## MINN. STAT. 325d.44 (2008))

60.   Paragraphs 1 through 59 above are incorporated herein.

61.   Defendants have passed off goods as those of their own through its conduct of selling products through various dealers with infringing artwork for Defendants direct financial gain.

62.   Defendants use of the infringing artwork causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

63.   Defendants use of the infringing artwork uses deceptive representations or designations of geographic origin in connection with goods.

64.   Because Defendants engage in infringement for its own direct financial gain is an unfair method of competition, which violates MINN. STAT. 325d.44 (2008).

65.     Defendant promotes infringement of the kind described herein which damages businesses

        like Jon Q. Wright d/b/a JQ Licensing, LLC and diminishes the value of copyrighted

        works of art such as the Work at issue in this case.

66.     As a direct and proximate result of Defendants unfair and deceptive acts and practices

        and unfair methods of competition, Jon Q. Wright d/b/a JQ Licensing, LLC has been

        damaged.

67.     The damage to Plaintiff is irreparable.

**JURY DEMAND**

68.     Plaintiff Jon Q. Wright d/b/a JQ Licensing Inc. hereby demands a jury trial for all issues

        triable to a jury.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.  That the Court enter a judgment against Defendants setting forth that:

    a.  Defendants have willfully infringed Plaintiff's federally registered copyright

        under 17 U.S.C. §501.

    b.  Defendants have otherwise injured the business reputation and business of

        Plaintiff by their acts and conduct set forth in this Complaint.

2.  Defendants shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C.

    §504(a)(1), 17 U.S.C. §504(b), and Fed. R. Civ. P. 54, or statutory damages under 17

    U.S.C. §504(c)(1), and enhanced statutory damages under 17 U.S.C. §504(c)(2) for

    the willful infringement of Plaintiff's copyrighted Work.

3.  Enjoining Defendants from infringing Plaintiff's copyright, pursuant to 17 U.S.C.

    §502(a), Fed. R. Civ. P. 65(d), and the equitable powers of this Court.

4.  Impounding all material that bears infringing copies of Plaintiff's copyrighted Work in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all material that contains the logo, pursuant to 17 U.S.C. §503(b).

5.  Awarding Plaintiff for the costs of this action and the reasonable attorney fees and expenses incurred in prosecuting this action pursuant to 17 U.S.C. §505.

6.  Award Plaintiff damages, attorneys fees and costs for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7.  Awarding plaintiffs damages, attorneys fees and costs for engaging in unfair and deceptive acts and practices, and unfair methods of competition, in violation of Minnesota Uniform Deceptive Trade Practices Act pursuant to MINN. STAT. 325d.45 (2008).

8.  Providing for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PATTERSON THUENTE PEDERSEN, PA.**
*ATTORNEYS FOR PLAINTIFF*

Date:  May 27, 2014

By:     */s/ Aaron W. Davis*
Aaron W. Davis (#318,255)
4800 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266